UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

KELVIN SETTLE,                          )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )          No. 4:17 CV 1343 JMB
                                        )
BANK OF AMERICA, N.A.,                  )
                                        )
                    Defendant.          )

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Bank of America, N.A.'s ("BANA") Motion

to Dismiss for Failure to State a Claim (ECF No. 14), pursuant to Rule 12(b)(6), Fed.R.Civ.P.

Plaintiff Kelvin Settle ("Settle") filed an opposition to the motion.  All matters are pending

before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to

28 U.S.C. § 636(c).

On March 14, 2017, Settle filed a Petition, Case No. 1722-CC00758, in the Circuit Court of

the City of St. Louis, Missouri, asserting three claims against BANA:  violation of the Uniform

Commercial Code ("UCC") (Pet. at ¶¶ 13-27), breach of contract (Id. at ¶¶ 28-41), and unjust

enrichment.  (Id. at ¶¶ 42-50)  Settle contends that BANA materially changed the terms of the

promissory note by changing the loan number without his consent.  In the Petition, Settle alleges

that he executed a promissory note, evidencing a loan in the principal amount of $45,500.00, and

a deed of trust with BANA, encumbering real property located at 3504 Wyoming Street, St.

Louis, Missouri 63118 ("Property"), as collateral for the loan.  (Id. at ¶¶ 5-6, 29)  Settle further

alleges that BANA's alteration of the promissory note in violation of the UCC constituted a

1

breach of contract resulting in BANA being unjustly enriched.  (Id. at ¶ 8)

On April 17, 2017, BANA removed this cause of action, asserting that this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).  The undersigned finds that jurisdiction appears to be proper inasmuch as this action is between citizens of different states and the amount of controversy exceeds $75,000.00.  (Id. at ¶¶ 1, 6- 9)  Settle has not challenged the removal of the instant action.

## I.  Factual Background

On January 19, 2007, Settle executed a promissory note in favor of BANA, evidencing a loan made to him in the principal amount of $45,550.00, and a deed of trust in favor of BANA, encumbering real property located at 3504 Wyoming, St. Louis, Mo. 63118 ("Property").  (Pet. at ¶¶ 6. 29, Exhs. A and B)  In 2009, BANA changed the loan number due to a transfer from one system of record to another.  (Pet. at ¶¶ 7, 9, Exh. D)  In response to Settle's claim of fraud filed with the Missouri Attorney General, BANA explained in a letter that although Settle's loan number had changed, "neither the *Promissory Note* nor the *Deed of Trust* was altered."  (Exh. D)  In three letters dated December 17, 2009, and February 25 and March 28, 2011, BANA had explained that Settle's loan remained in full force and effect, and BANA would "continue to service your loan in accordance with the valid, binding loan documents that you signed."  (Exhs. H, H, and I)[1] Settle failed to make the October 2013 required payment on the promissory note.  (Pet. at ¶¶ 9, 43, Exhs. D and M)  BANA sent Settle a pre-foreclosure notice and an affidavit of publication. On August 4, 2014, the Property was sold at a foreclosure sale.  (Id.)

_____

[1] The undersigned notes that Settle designated two exhibits, the March 28, 2011, letter and the December 17, 2009, letter, as Exhibit H.

Settle has filed numerous unsuccessful lawsuits against BANA seeking damages relating to the Property, the subject loan, the promissory note, and/or the foreclosure sale.  See e.g., Settle, et al. v. Bank of America, 4:09 cv 1928 CEJ (ECF Nos. 18-19) (action involving the Property and mortgage loan dismissed for failure to allege sufficient facts to establish BANA violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692g or a claim of fraud); Settle v. Bank of America, N.A., Case No. 1222-AC08902 (action involving the Property and subject loan dismissed without prejudice on December 7, 2012, for pro se Settle's failure to appear); Settle v. Bank of America, et al, Case No. 1422-CC09329 (action involving the Property dismissed with prejudice); Settle v. Bank of America, N.A., et al., 4:14 cv 1704 RLW (ECF No. 11) (action alleging claims of conversion and violation of UCC based on BANA's foreclosure of the Property dismissed for Settle's failure to comply with a  show cause order as to why case should not be dismissed for lack of jurisdiction).

## II. Legal Standard

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the complaint.  To survive a motion to dismiss pursuant to Rule 12(b)(6) for failure  to state a claim upon which relief can be granted, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal,556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. V. Twombly, 550 U.S. 544, 570 (2007)).  The requirement of facial plausibility is satisfied "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.   A claim for relief "must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative

level." Schaaf v. Residential Funding Corp., 517 F.3d 544, 549 (8th Cir. 2008) (quoting

Twombly, 550 U.S. at 555 & n.3). This obligation requires a plaintiff to plead "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."

Twombly, 550 U.S. at 555.

On a motion to dismiss, the Court accepts as true all of the factual allegations contained

in the complaint, even if it appears that "actual proof of those facts is improbable," and reviews

the complaint to determine whether its allegations show that the pleader is entitled to relief. Id.

at 555-56; Fed. R. Civ. P. Rule 8(a)(2). The principle that a court must accept as true all of the

allegations contained in a complaint do not apply to legal conclusions. Iqbal, 556

U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice.").

State law controls this action brought under diversity jurisdiction. See Washington v.

Countrywide Home Loans, Inc., 655 F.3d 869, 873 (8th Cir. 2011).

**III. Discussion**

Each of Settle's claims rests on his contention that BANA materially changed the terms of

the promissory note when it changed the loan number without his consent.

**A.     UCC Claim**

In Count I, Settle alleges that BANA violated the UCC by materially altering the

promissory note by changing the loan number without his consent. BANA contends that the

only change made to the promissory note was the change of the loan number after BANA

changed its system of record in 2009, and BANA notified Settle that his obligations remained the

same.

A loan transaction typically consists of a promissory note and security interest, such as a deed of trust. <u>Bellistri v. Ocwen Loan Servicing, LLC</u>, 284 S.W.3d 619, 623 (Mo. Ct. App. 2009). "A deed of trust pledges land to secure a debt" and entitles its holder to foreclose on property under certain circumstances. <u>Mills v. 1st Nat. Bank of Mexico</u>, 661 S.W.2d 808, 811 (Mo. Ct. App. 1983).

Missouri's version of the UCC defines alteration as "(i) an unauthorized change in an instrument that purports to modify in any respect the obligation of a party, or (ii) an unauthorized addition of words or numbers or other changes to an incomplete instrument relating to the obligation of a party." Mo. Rev. Stat. § 400.3-407(a). "'A material alteration is one which so changes the terms of the instrument as to give it a different legal effect from that which it originally had, and thus works some change in the rights, interest, or obligations of the parties.'" <u>Recsnik v. Retirement Time Ins., LLC</u>, 361 S.W.3d 9, 11-12 (Mo. Ct. App. 2009) (quoting <u>Bank of Moberly v. Meals</u>, 316 Mo. 1158, 295 S.W. 73, 77 (1927)).

As a result of BANA changing its system of record in 2009, Settle's loan number changed, and BANA notified Settle that his obligations remained the same. Here, changing the loan number does not constitute a material alteration, because it did not change or attempt to change the terms of the deed of trust or the promissory note or the rights, interest, or obligations of the parties. <u>See</u> <u>Shelton v. Julian</u>, 610 S.W.2d 129, 133 (Mo. Ct. App. 1980) ("[I]t is well established that the making of a notation upon or an addition to an instrument does not constitute an alteration thereof, where there is no intent to change the effect of the instrument, but merely make a memorandum upon it."); <u>Deicke v. Roudebush</u>, 138 S.W.2d 678, 682 (Mo. Ct. App. 1940) (crossing out loan amount on note and replacing it with new balance of note was not

material alteration).  But see Garnac Grain Co., Inc. v. Boatmen's Bank & Trust Co., 694

F.Supp. 1389, 1395 (W.D. Mo. 1988) (finding alteration of a check which adds alternative payee

is a material alteration).  Settle's exhibits attached to the Petition show that although the loan

number was changed, his obligations remained the same.  See Exhs. A, B, D, E, H, H, and I.

### B.    Breach of Contract Claim

In Count II, Settle alleges that BANA breached the contract by materially and

fraudulently altering the promissory note by changing the loan number without his consent or

knowledge thereby discharging his liability on the note.[2]  BANA argues that there was not a

material alteration of the promissory note, and even if the Court finds otherwise, Plaintiff fails to

allege the elements of a claim for breach of contract, or how the terms of the alleged contract

were breached.

To state a claim for breach of contract under Missouri law, Settle "must establish the

existence of a valid contract, the right of [Settle]  and obligations of [BANA] under the contract,

a breach by [BANA] and damages resulting from the breach."  Gillis v. Principia Corp., 832 F.3d

865, 871 (8th Cir. 2016) (citing Lucero v. Curators of Univ. of Mo, 400 S.W.3d 1, 5 (Mo. Ct.

App. 2013)).

BANA argues that Settle has not alleged that BANA breached a specific provision of the

promissory note, nor how the change in the loan number breached the promissory note.  A review

of the Petition shows Settle did not set forth any contractual obligations BANA breached or any

_____

[2] In support, Settle cites to Dodd v. Tucker(*sic*) [Turner], 348 Mo. 1090, 156 S.W.2d 901
(Mo.1941), arguing that a material alteration voids an instrument.  The undersigned notes that
Dodd is a pre-code case and does not purport to interpret the UCC.  The Uniform Commercial
Code was adopted in Missouri in 1963, Chapter 400, RSMo 1969.

obligations BANA did not meet under the promissory note. "A party 'fails to state a claim for breach of contract [if] it does not set out [the claimant's] rights or [the defendant's] obligations under the contract.'" Reitz v. Nationstar Mortg., LLC, 954 F. Supp.2d 870, 884 (E.D. Mo. 2013) (quoting Trotter's Corp. v. Ringleader Restaurants, Inc., 929 S.W.2d 935, 941 (Mo. Ct. App. 1996)). To the extent Settle contends that BANA's changing the loan number somehow breached the promissory note and discharged his liability under the note, he cites no legal or factual basis for this claim. Indeed, Settle's own exhibits support a different conclusion. Accordingly, the Petition fails to state a claim for breach of contract.

## C. Unjust Enrichment Claim[3]

In Count III, Settle alleges that BANA has been unjustly enriched by foreclosing on the Property. "To establish the elements of an unjust enrichment claim, the plaintiff must prove that (1) [plaintiff] conferred a benefit on the defendant; (2) the defendant appreciated the benefit; and (3) the defendant accepted and retained the benefit under inequitable and/or unjust circumstances." Exec Bd. of Missouri Baptist Convention v. Windermere Baptist Conf. Ctr.,

---

[3] "Unjust enrichment is 'an equitable remedy based on the concept of a quasi-contract,' and a plaintiff may not 'recover under both an express contract and unjust enrichment.'" Affordable Communities of Mo. v. Fed. Nat. Mort. Ass'n, 714 F.3d 1069, 1077 (8th Cir. 2013) (quoting Reyner v. Crawford, 334 S.W.3d 168, 174 (Mo. Ct. App. 2011) and Chem Gro of Houghton, Inc. v. Lewis Cnty. Rural Elec. Coop. Ass'n, Cause No. 2:11 cv 93 JCH, 2012 WL 1025001, *3 (E.D. Mo. Mar. 26, 2012)). "Rather, if a 'plaintiff has entered into an express contract for the very subject matter for which he seeks recovery, unjust enrichment does not apply, for the plaintiff's rights are limited to the express terms of the contract.'" Id. (quoting Howard v. Turnbull, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010)). "[T]he fact that a plaintiff cannot simultaneously recover damages for both breach of express contract and unjust enrichment does not preclude that plaintiff from pleading both theories in [its] complaint." Franke v. Greene, Cause No. 4:11 cv 1860 JCH, 2012 WL 3156577, at *5 (E.D. Mo. Aug. 2, 2012) (alterations in original).

280 S.W.3d 678, 697 (Mo. Ct. App. 2009) (quotation and citation omitted). "A person who had been unjustly enriched at the expense of another is required to make restitution to the other." Petrie v. LeVan, 799 S.W.2d 632, 634 (Mo. Ct. App. 1990). The law of restitution is based on the concept "that no one should unjustly enrich himself at the expense of his neighbor." Id. at 635 n.1. "Demonstrating unjust retention of the benefit is the most significant element of unjust enrichment and also the most difficult to establish." Jennings v. SSM Health Care St. Louis, 355 S.W.3d 526, 536 (Mo. Ct. App. 2010).

A review of the Petition shows that Settle fails to sufficiently allege that BANA's actions were unjust or inequitable. The Petition simply alleges that BANA was unjustly enriched by foreclosing on the Property. Here, Settle has alleged no facts that would show that he conferred a benefit upon BANA to which BANA was not entitled. BANA was entitled to the payments under the loan and to foreclose on the Property based on Settle's contractual obligations under the promissory note and the deed of trust. (Exhs. A and B) As such, the Petition fails to sufficiently allege that BANA, which had a legal and contractual right to foreclose on the Property, was unjustly enriched by doing so. See US Bank Nat'l Ass'n v. Cox, 341 S.W.3d 846, 853 (Mo. Ct. App. 2011) ("there can be no unjust enrichment if the parties receive what they intended to obtain."). Settle has alleged no facts that would show he conferred a benefit upon BANA, to which it was not entitled and thus, this claim fails as a matter of law.

### D.    Res Judicata

In the alternative, BANA contends that Settle's claims are barred by res judicata. Based on finding the Petition fails to state a claim, the undersigned need not address the merits of BANA's res judicata argument.

## IV. Conclusion

Because Settle's Petition fails to state a claim upon which relief can be granted, the Petition should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Bank of America, N.A.'s Motion to Dismiss for Failure to State a Claim (ECF No. 14) is GRANTED.

**IT IS FURTHER ORDERED** that Settle's Petition is DISMISSED for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that all other pending motions are DENIED AS MOOT.

A separate Order of Dismissal will accompany this Memorandum and Order.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of June, 2017