UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| KELVIN SETTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17 CV 1343 JMB |
| | ) | |
| BANK OF AMERICA, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Kelvin Settle's ("Settle") Notice of Motion to Alter or Amend Judgment Pursuant Federal Rules of Civil Procedure 59(e) (ECF No. 23). No response has been filed by Defendant Bank of America, N.A. ("BANA") and the time to do so has passed. All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

On March 14, 2017, Settle filed a Petition, Case No. 1722-CC00758, in the Circuit Court of the City of St. Louis, Missouri, asserting three claims against BANA: violation of the Uniform Commercial Code ("UCC") (Pet. at ¶¶ 13-27), breach of contract (Id. at ¶¶ 28-41), and unjust enrichment. (Id. at ¶¶ 42-50) Settle contends that BANA materially changed the terms of the promissory note by changing the loan number without his consent. In the Petition, Settle alleges that he executed a promissory note, evidencing a loan in the principal amount of $45,500.00, and a deed of trust with BANA, encumbering real property located at 3504 Wyoming Street, St. Louis, Missouri 63118 ("Property"), as collateral for the loan. (Id. at ¶¶ 5-6, 29) Settle further alleges that BANA's alteration of the promissory note in violation of the UCC, constituted a

1

breach of contract resulting in BANA being unjustly enriched. (Id. at ¶ 8)

## I. Factual Background

On January 19, 2007, Settle executed a promissory note in favor of BANA, evidencing a loan made to him in the principal amount of $45,550.00, a deed of trust in favor of BANA, encumbering real property located at 3504 Wyoming, St. Louis, Mo. 63118 ("Property"). (Pet. at ¶¶ 6. 29, Exhs. A and B) In 2009, BANA changed his promissory note by changing Settle's loan number due to a transfer from one system of record to another. (Pet. at ¶¶ 7, 9, Exh. D) In response to Settle's claim of fraud filed with the Missouri Attorney General, BANA explained in a letter that although Settle's loan number had changed, "neither the *Promissory Note* nor the *Deed of Trust* was altered." (Exh. D) In three letters dated December 17, 2009, and February 25 and March 28, 2011, BANA had explained that Settle's loan remained in full force and effect, and BANA would "continue to service your loan in accordance with the valid, binding loan documents that you signed." (Exhs. H, H, and I) After Settle failed to make a payment obligation due for the October 2013 installment under the promissory note and the deed of trust, the Property went to foreclosure sale on August 4, 2014, after BANA sent Settle a pre-foreclosure notice and an affidavit of publication. (Pet. at ¶¶ 9, 43, Exhs. D and M)

On June 14, 2017, the Court entered a Memorandum and Order dismissing Settle's Petition for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R.Civ.P. (ECF No. 21)

## II. Legal Standard

District courts enjoy broad discretion in ruling on motions to alter or amend. See Concordia College Corp. v. W.R. Grace & Co., 999 F.2d 326, 330 (8th Cir. 1993). Rule 59(e) was adopted to

2

clarify that a district court's power to correct its own mistakes in the period immediately following the entry of judgment. See White v. New Hampshire Dept. of Employ. Sec., 455 U.S. 445, 450 (1982) (internal quotations omitted). Rule 59(e) permits a court to alter or amend a judgment, but it may not be used to re-litigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment. United States v. Metropolitan St. Louis Sewer Dist., 440 F. 3d 930, 933 (8th Cir. 2006) ("Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment"). "It is not appropriate to use a Rule 59(e) motion to repeat arguments or to raise new arguments that could have been made before judgment." In re General Motors Corp. Anti-Lock Brake Products Liability Lit., 174 F.R.D. 444, 446 (8th Cir. 1997) (internal quotations omitted); see also Capitol Indemnity Corp. v. Russellville Steel Co., Inc., 367 F.3d 831, 834 (8th Cir. 2004) (Rule 59(e) motions are not proper vehicles for raising new arguments or legal theories). Rather, its proper, limited purpose is "correcting manifest errors of law or fact or to present newly discovered evidence." Metropolitan St. Louis Sewer Dist., 440 F.3d at 933 (quotation marks omitted); Capitol Indemnity, 367 F.3d at 834 (Rule 59(e) motions serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence).

### III. Discussion

In his motion, Plaintiff attempts to persuade the Court to grant relief from its finding which led to the conclusion that his Petition failed to state a claim upon which relief could be granted. Plaintiff has presented no new evidence, nor has he pointed the Court to any mistake so severe as to establish manifest error under Rule 59(e). The motion primarily revisits old arguments and asserts a new argument, asserting accord and satisfaction. The Eighth Circuit has repeatedly held

that Rule 59(e) motions are not proper vehicles for raising new arguments.  See Concordia College, 999 F.2d at 330 ("The District Court did not abuse its wide discretion in concluding that Concordia was improperly attempting to raise, via a motion to alter or amend, arguments that it could have raised in response to [Defendant's Motion to Dismiss].").  See also Innovative Home Health Care, Inc. v. P.T.- O.T. Assocs. of the Black Hills, 141 F.3d 1284, 1286 (8th Cir. 1998) ("Rule 59(e) motions serve a limited function of correcting" 'manifest errors of law or fact or to present newly discovered evidence.') (citations omitted).  In the instant motion, Settle has not presented anything other than arguments already presented to and rejected by the Court, or a new argument that could have been raised before judgment but was not.  Nothing has changed, nor should the Memorandum and Order in this matter be altered or amended, and therefore the Court will deny Settle's motion.

### IV.  Conclusion

Because Settle's motion does not point to any manifest errors of law or fact or to any newly discovered evidence, he is not entitled to relief under Rule 59(e).

Accordingly,

**IT IS HEREBY ORDERED** that Settle's Notice of Motion to Alter or Amend Judgment pursuant Federal Rules of Civil Procedure 59(e) (ECF No. 23) is **DENIED**.

/s/ ***John M. Bodenhausen***
JOHN M. BODENHAUSEN
UNITED STATES MAGISTRATE JUDGE

Dated this 14th day of July, 2017